UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Alexander J. Rinaldi, Esq.; 018941985
SALNY REDBORD AND RINALDI
9 Eyland Avenue
Succasunna, NJ 07876
973/584-1520
Attorneys for Plaintiff

| | |
|---|---|
| **SANTINA MARQUART,** | : |
| | : **CIVIL ACTION NO.:** |
| Plaintiff, | : |
| | : Civil Action |
| Vs. | : |
| | : **COMPLAINT, JURY DEMAND,** |
| **FITBIT, INC., and/or ABC Corporation,** | : **DESIGNATION OF TRIAL COUNSEL,** |
| **Its agents, servants and/or employees,** | : **DEMAND FOR DISCOVERY OF** |
| **Fictitious names, and/or XYZ Corporation,** | : **INSURANCE COVERATE and DEMAND** |
| **Its agents, servants, and/or employees,** | : **FOR CERTIFIED ANSWERS TO** |
| **a fictitious name,** | : **INTERROGATORIES** |
| | : |
| **Defendants.** | : |

## INTRODUCTION

1. Plaintiff, **SANTINA MARQUART,** residing at 128 Wingate Drive, in the Town of Hackettstown, County of Warren, State of New Jersey, purchased a Fitbit device and enjoyed the use of it until it overheated and burned her in or about December 8, 2020.

2. At all times mentioned herein, the defendants, **FITBIT, INC., and/or ABC Corporation, its agents, servants and/or employees, Fictitious names, and/or XYZ Corporation, its agents, servants, and/or employees, a fictitious name,** did business at 199 Fremont Street, 14th Floor, San Francisco, California 94105, and were authorized to business in the State of New Jersey.

1

3. The defendants, **FITBIT, INC., and/or ABC Corporation, its agents, servants and/or employees, Fictitious names, and/or XYZ Corporation, its agents, servants, and/or employees, a fictitious name,** were responsible for the design, manufacture, production and distribution of the "FITBIT" device, (hereinafter referred to as the "product"), for the purpose of health, specifically "Products That Help Manage Stress, Track Activity and Heart Health and Monitor Sleep. Find New Strength & Energy Through Personalized Insights, Workouts & Mindfulness Sessions" and sport use to the public.

4. On or about the 8th day of December, 2020, and at all times herein referred to, the Plaintiff, **SANTINA MARQUART**, during the course of normal use of the product, was caused to be injured, sustaining severe burn and scarring to her person, as a result of the negligent, dangerous, defective product.

5. Defendants were negligent in the manufacture, design, supplying, producing, distributing and/or warning and/or instructing customers and/or their end use customers in the safe use and/or handling of the product in question.

## JURISDICTION

6. The parties of this action are citizens of different states, with the Plaintiff being a citizen of the State of New Jersey, and the defendants, being citizens and doing business in the State of California, but authorized to do business in the State of New Jersey.

7. The amount in controversy of this action exceeds $75,000.00 (Seventy-Five Thousand Dollars).

8. This Honorable Court has jurisdiction over the instant matter pursuant to 28 U.S.C. Sec 1332.

## PARTIES

9. Plaintiff, **SANTINA MARQUART,** resides at 128 Wingate Drive, in the Town of Hackettstown, County of Warren, State of New Jersey.

10. Defendants, **FITBIT, INC., and/or ABC Corporation, its agents, servants and/or employees, Fictitious names, and/or XYZ Corporation, its agents, servants, and/or employees, a fictitious name,** did business at 199 Fremont Street, 14th Floor, San Francisco, California 94105, and were authorized to business in the State of New Jersey.

## FIRST COUNT

## NEGLIGENCE

11. On or about the 8th day of December, 2020, and at all times herein referred to, the Plaintiff, **SANTINA MARQUART**, during the course of a normal use of her previously purchased Fitbit device, enjoyed the use of it until it overheated and burned her in or about ther date aforesaid, thereby sustaining severe disabling injuries to her person, as a result of the negligent, dangerous, and defective product.

12. The defendants, **FITBIT, INC., and/or ABC Corporation, its agents, servants and/or employees, Fictitious names, and/or XYZ Corporation, its agents, servants, and/or employees, a fictitious name,** were responsible for the design, manufacture, production and distribution of the "FITBIT" device, (hereinafter referred to as the "product"), for the purpose of health, specifically "Products That Help Manage Stress, Track Activity and Heart Health and Monitor Sleep. Find New Strength & Energy Through Personalized Insights, Workouts & Mindfulness Sessions" and sport use to the public.

13. On or about the 8th day of December, 2020, the Plaintiff, **SANTINA MARQUART,** was enjoying the normal use of the product when the product overheated and burned her left wrist, causing severe disabling injuries and scarring.

14. Defendants were negligent in the manufacture, design, and supplying, producing, distributing and/or warning and/or instructing customers and/or their end use customers in the safe use and/or handling of the product in question.

15. As a direct and proximate result of the negligence of the defendants, **FITBIT, INC., and/or ABC Corporation, its agents, servants and/or employees, Fictitious names, and/or XYZ Corporation, its agents, servants, and/or employees, a fictitious name,** the plaintiff, **SANTINA MARQUART,** was severely and permanently injured, suffered severe shock to her nervous system, has undergone and in the future will continue to undergo great pain and suffering, has and is unable to attend to her usual duties and occupation causing financial loss, and has, is and will in the future be compelled to expend diverse sums of money to cure herself of said injuries, and has been and in the future will be caused to refrain from her normal pursuits all to her great loss and damage.

WHEREFORE, plaintiff, **SANTINA MARQUART,** demands judgment against the defendants, **FITBIT, INC., and/or ABC Corporation, its agents, servants and/or employees, Fictitious names, and/or XYZ Corporation, its agents, servants, and/or employees, a fictitious name,** jointly, severally or in the alternative, for damages, together with interest and costs of suit.

## SECOND COUNT

## PRODUCT LIABILITY ACTION AS TO INTEGRITY

16. Plaintiff, **SANTINA MARQUART,** repeats and reiterates each and every allegation

contained in the "Introduction" through the First Count as if fully set forth herein at length.

17. The product provided by the Defendants, was not fit, suitable or safe for its intended purpose because it deviated from the design specifications, formulae, or performance standards of the manufacturer or otherwise identical materials manufactured or they failed to contain adequate warnings or instruction or were designed in a defective manner, when the plaintiff, **SANTINA MARQUART,** wore and used "FITBIT" product, and then was injured when the product overheated, causing the Plaintiff to be burned on her left wrist, with subsequent scarring, thereby sustaining severe, permanent injuries.

18. As a direct and proximate result of the defective product of the defendants, **FITBIT, INC., and/or ABC Corporation, its agents, servants and/or employees, Fictitious names, and/or XYZ Corporation, its agents, servants, and/or employees, a fictitious name,** the plaintiff, **SANTINA MARQUART,** has sustained severe and permanent injuries, suffered severe shock to her nervous system, has undergone and in the future will continue to undergo great pain and suffering, has and is unable to attend to her usual duties and occupation causing financial loss, and has, is and will in the future be compelled to expend diverse sums of money to cure herself of said injuries, and has been and in the future will be caused to refrain from her normal pursuits all to his great loss and damage.

WHEREFORE, plaintiff, **SANTINA MARQUART,** demands judgment against the defendants, **FITBIT, INC., and/or ABC Corporation, its agents, servants and/or employees, Fictitious names, and/or XYZ Corporation, its agents, servants, and/or employees, a fictitious name,** jointly, severally or in the alternative, for damages, together with interest and costs of suit.

## THIRD COUNT

### EXPRESS AND IMPLIED WARRANTIES (UCC)

19. Plaintiff, **SANTINA MARQUART,** repeats and reiterates each and every allegation contained in the "Introduction" through the Second Counts as if fully set forth herein at length.

20. Defendants provided an express and/or implied warranty (merchantability and/or fitness for a particular purpose) that its product was safe for human use.

21. Defendants provided an express and/or implied warranty (merchantability and/or fitness for a particular purpose) that the product was manufactured to be fit for safe human contact.

22. The product in question was defective and/or dangerous in that it was not fit, suitable and/or safe for human contact, and it contained a design defect and was negligent in the manufacturing thereof.

23. As a direct and proximate result of the plaintiff, **SANTINA MARQUART,** coming into contact with the defective/dangerous product, has sustained severe and permanent injuries, suffered severe shock to her nervous system, has undergone and in the future will continue to undergo great pain and suffering, has and is unable to attend to her usual duties and occupation causing financial loss, and has, is and will in the future be compelled to expend diverse sums of money to cure herself of said injuries, and has been and in the future will be caused to refrain from her normal pursuits all to his great loss and damage.

WHEREFORE, plaintiff, **SANTINA MARQUART,** demands judgment against the defendants, **FITBIT, INC., and/or ABC Corporation, its agents, servants and/or employees, Fictitious names, and/or XYZ Corporation, its agents, servants, and/or employees, a fictitious name,** jointly, severally or in the alternative, for damages, together with interest and costs of suit.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of six (6) on all issues raised herein.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that ALEXANDER J. RINALDI, ESQ. of the firm of SALNY REDBORD AND RINALDI, is hereby designated as trial counsel on behalf of the Plaintiff, **SANTINA MARQUART.**

## NOTICE PURSUANT TO RULES 1:5-A(a) and 4:17-4(c)

PLEASE TAKE NOTICE that the undersigned attorney does hereby demand, pursuant to the above cited Rules of Court, that each party herein serving pleadings and Interrogatories, and receiving answers thereto, shall serve copies of all such pleadings and answered Interrogatories, and all documents, papers and other material referred to therein, received from any party, upon the undersigned attorney.

TAKE FURTHER NOTICE that this is a continuing demand.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any personal firm carrying on in the insurance business may be liable to satisfy part or all of the judgment which may be entered into this action, or to indemnify or to reimburse for payments made to satisfy the judgment.

If the answer is "Yes", forward a copy of each to the undersigned or, in the alternative, state, under oath or Certification:

(A) Number;

(B) Name and address of insurer;

    (C) Inception and expiration date;

    (D) Names and addresses of all persons insured thereunder;

    (E) Personal Injury limits;

    (F) Property Damage limits;

    (G) Medical Payment limits;

    (H) Name and address of person who has custody and possession thereof; and

    (I) Where and when each policy can be inspected and copied.

SALNY REDBORD AND RINALDI
Attorneys for Plaintiff

DATED: 4/7/22

BY: _____
ALEXANDER J. RINALDI, ESQ.

## DEMAND FOR CERTIFIED ANSWERS TO FORM INTERROGATORIES and RULE 26 DISCLOSURES

Plaintiff herewith demand Certified answers to form Interrogatories, and to Rule 26 Disclosures, within the time prescribed pursuant to Rules of Court, by each defendant and co-defendant named herein.

SALNY REDBORD AND RINALDI
Attorneys for Plaintiff

DATED: 4/7/22

BY: _____
ALEXANDER J. RINALDI, ESQ.

## CERTIFICATION

Pursuant to **R.4:6-1**, I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, or whether any other action or arbitration proceeding is contemplated, nor is counsel aware of any non-party

who should be joined in this action. I further certify that should counsel become aware of any related matter, the court will be advised.

SALNY REDBORD AND RINALDI
Attorneys for Plaintiff

DATED: 12/7/22

BY: _____
ALEXANDER J. RINALDI, ESQ.